UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA

Case No: 10-cr-20476

v.

MICHAEL R. SANTOYO
_____/

# DETENTION ORDER PENDING TRIAL

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that Defendant Michael Santoyo be detained pending trial.

**Part I - Findings of Fact**

**A.     Motion to Detain (18 U.S.C. §§ 3142(a) and 3142(f)(1))**

<u>XX</u>    (1)    The Government moved for detention at Defendant's first appearance pursuant        to:

   <u>XX</u>    18 U.S.C. § 3142(f)(1).

   ___    18 U.S.C. § 3142(f)(2).

___    (2)    A detention hearing was held on this judicial officer's motion pursuant to 18 U.S.C. § 3142(f)(2).  See part D for findings.

**B.     Rebuttable Presumption – Defendant on Release Pending Trial (18 U.S.C. §3142(e)(2))**

___    (1)    Defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1), and has previously been convicted of a crime listed in 18 U.S.C. § 3142(f)(1), or comparable state or local offense.

__ (2) The offense described in finding was committed while Defendant was on release pending trial for a federal, state or local offense.

__ (3) A period of less than five years has elapsed since

   __ the date of conviction, **or**

   __ Defendant's release from prison for the offense described in finding (B)(1).

__ (4) Findings (B)(1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community.

**C. Rebuttable Presumption – Probable Cause (18 U.S.C. § 3142(e)(3))**

There is probable cause to believe that Defendant has committed an offense:

XX for which a maximum prison term of ten years or more is prescribed in the Controlled Substances Act[1], **or**

__ under 18 U.S.C. § 924(c), 18 U.S.C. § 956(a) or 18 U.S.C. § 2332b, **or**

__ listed in 18 U.S.C. § 2332b(g)(5) (federal crimes of terrorism) for which the prison term is 10 or more years, **or**

__ listed in 18 U.S.C. §§ 1581-1594 (slavery or trafficking in persons), **or**

__ involving a minor victim listed in 18 U.S.C. § 3142(e)(3)(E).

XX the probable cause findings above establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community.

---

[1] Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

D.  **Findings Pursuant to 18 U.S.C. § 3142(f)(2)**

__  (1)  There is a serious risk that Defendant will not appear.

__  (2)  There is a serious risk that Defendant will endanger the safety of another person or the community.

**Part II - Statement of the Reasons for Detention**

I find that the testimony and information submitted at the detention hearing establishes:

__  by clear and convincing evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure the safety of the community; **or**

__  by a preponderance of the evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure Defendant's appearance; **or**

XX  both of the above.

**Statement of reasons for detention pursuant to 42 U.S.C. § 3142(l):**

The Government moved for detention pursuant to 18 U.S.C. § 3142. At the threshold, the parties disagreed whether a presumption in favor of detention applies. In his initial proffer, the Assistant United States Attorney (AUSA) did not advance any of the presumptions in favor of detention. The Acknowledgment of Indictment did not list any penalties of sufficient severity to trigger a presumption. During his rebuttal, however, the AUSA, noting Defendant's prior felony drug conviction, stated that a presumption applies since, contrary to the Acknowledgment, Defendant faces 10 years' incarceration on the drug charge contained in Count 2 of the Indictment. Citing the Acknowledgment, counsel

for Defendant argued that no presumption can apply. Neither party, however, contested that Defendant's record includes a prior felony drug conviction. I therefore conclude that the Government is correct that the presumption does in fact apply as Defendant faces more than 10 years' potential custody for the violation of the Controlled Substances Act alleged in Count 2 of the Indictment. *See* 21 U.S.C. § 841(b)(1)(D). I note parenthetically that the cited exceptions found 21 U.S.C. § 841(b)(4) and (5) do not apply. I therefore must consider whether there is sufficient evidence to rebut the presumption in light of the factors set forth in subsection 3142(g).

As to the factors set forth in subsections (g)(1) and (g)(2), I find that the offenses charged involve a loaded assault rifle and a loaded handgun as well as narcotic drugs, specifically marijuana. I find from the grand jury having returned an indictment that there is a definite weight of evidence, at least rising to the level of probable cause, supporting the charges against Defendant.

As to subsection 3142(g)(3), I find that Defendant is currently 21 years of age and is a living with his wife and four children at an address on Division Street in Saginaw. Defendant has been unemployed since March of this year. Prior to that time, he was working for a lawn care business up until the time it was sold. Counsel for Defendant represents that if released, Defendant can have employment under the business's new management. During his initial interview with Pretrial Services, Defendant conceded that he had used marijuana daily for the last ten years. He has also used cocaine three to four times a week for the last 6 years.

On April 22, 2007, Defendant was charged with misdemeanor operating with a suspended license, felony carrying a concealed weapon and misdemeanor retail fraud-

third degree; the latter charge Defendant denies.  The next day, Defendant pled guilty to the suspended license and retail fraud charges.  He was sentenced to 93 days in jail, fines and community service.  In May 2007, he was bound over to Circuit Court on the felony carrying-a-concealed-weapon charge.  Apparently, after serving the sentence described above, Defendant was placed on probation.  The Pretrial Services Report notes that on April 28, 2008, Defendant escaped from a tether and a bench warrant was issued.  The next day he was charged with delivery/manufacture of marijuana and maintaining a drug house.  On May 19, 2008, Defendant was arraigned on the bench warrant and remanded to the custody of the Saginaw County Sheriff.  On August 26, 2008, Defendant pled guilty to the pending concealed weapon felony and the felony delivery/manufacture of marijuana charge.  On September 25, 2008, Defendant was sentenced on both these charges to 36 months' probation, fines and was required to complete the Tri-Cap program.

On June 2, 2010, a bench warrant was issued for a probation violation.  The next week, Defendant was placed on absconder status.  On July 29, 2010, Defendant was arraigned on the bench warrant and pled guilty to violation of probation.  He was sentenced on August 12, 2010, to one year of custody with credit for time served and continued probation with location monitoring.

The AUSA represented that a search by state authorities of Defendant's residence yielded a semi-automatic assault rifle, fully loaded with a round in the chamber, and a multi-round magazine attached to the weapon.  The search also revealed a fully loaded handgun.  I note further that all the criminal conduct charged in the indictment occurred while Defendant was on supervision.

Counsel for Defendant argued that Defendant poses neither a risk or flight nor a risk of non-appearance. I must disagree. Counsel's argument overlooks the fact that several circuits and numerous district courts have held that continued drug dealing constitutes a danger to the community. *See, e.g., United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989) ("continued drug dealing does constitute a danger and threat to the community, and that fact alone justifies detention"); *United States v. Portes*, 786 F.2d 758, 765 (7th Cir. 1986); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986); *United States v. Leon*, 766 F.2d 77, 81 (2d Cir. 1985); *United States v. Williams (Melvin)*, 753 F.2d 329, 335 (4th Cir. 1985); *United States v. Kelley*, No. 08-40011-01-RDR, 2008 WL 821951, at *2-*3 (D. Kan. Mar. 26, 2008); *United States v. Rivera-Febres*, No. 07-054(DRD), 2007 WL 4287515, at *4 (D.P.R. Dec. 4, 2007).

As to risk of non-appearance, counsel's arguments overlook the fact that in April 2008 Defendant escaped from a tether and that, less than three months ago, the State of Michigan considered Defendant an absconder.

As a result, I first conclude that in light of Defendant's consistent pattern of criminal activity, coupled with his complete disregard for the conditions of court-imposed supervision, the presumption in favor of detention has not been rebutted on the evidence presented. These same facts force me to conclude that, in the event the presumption has been rebutted, or does not apply, there are no conditions nor any combination of conditions which would reasonably assure either the safety of the community or Defendant's appearance as required. The Government's motion to detain is therefore **GRANTED.**

**Part III - Directions Regarding Detention**

Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. Defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver Defendant to the United States marshal for a court appearance.

Review of this Order is governed by 18 U.S.C. § 3145 and E.D. Mich. L.R. 57.2.

                                   s/ Charles E Binder
                                   CHARLES E. BINDER
Dated: August 20, 2010                   United States Magistrate Judge

## **CERTIFICATION**

I hereby certify that this Order was electronically filed this date, electronically served on Nancy Abraham and James Piazza, and served on Pretrial Services and the U.S. Marshal's Service in the traditional manner.

Date: August 20, 2010         By     s/*Jean L. Broucek*
                                        Case Manager to Magistrate Judge Binder